## Case No. 8,027.

LAMBERT et al. v. SMITH et al.

[1 Cranch, C. C. 347.] [1]

Circuit Court, District of Columbia. July Term, 1806.

SECURITY FOR COSTS — DEATH OF MEMBER OF PARTNERSHIP, PLAINTIFF — RULE FOR COSTS — CONTINUANCE—FILLING BLANKS IN DECLARATION—PLEADING AFTER KNOWLEDGE OF SAME.

1. If the only resident member of a copartnership who are plaintiffs dies pending the suit, the defendant may demand security for costs against the surviving plaintiffs, and the court will continue the cause to give the defendants an opportunity to lay the rule and give sixty days' notice.

2. If the blanks in the declaration have been filled up by the plaintiff at the trial-term, and the defendant pleads with a knowledge that they have been so filled up, it is not a ground for continuance of the cause.

Lambert died since the last term. Fosdick, the surviving partner, resides out of the district. The defendants [Smith & Son] moved for a rule on the plaintiffs [Lambert & Co.] to give security for costs.

THE COURT decided that if the plaintiff did not now give the security, they would continue the cause so as to enable the defendant to give sixty days' notice of the motion, according to the act of assembly. See Thomas v. Woodhouse [Case No. 13,917].

Mr. Swann gave the security required.

E. J. Lee, for defendant, contended that he had a right to a continuance, because the plaintiff had filled up a blank in the declaration.

THE COURT said it was only ground for a motion to strike out what had been filled up.

It was then stated that defendant had pleaded non assumpsit after a knowledge that the blank had been so filled.

THE COURT said that that was a waiver of the objection.

Mr. Lee then obtained a continuance on affidavit.